**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4274**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOHMAR MONTE GALLOWAY, a/k/a Nutso,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.   Louise W. Flanagan,
District Judge.   (7:11-cr-00106-FL-1)

_____

Submitted:  October 10, 2012          Decided:  October 17, 2012

_____

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Merritt Wagoner, SULLIVAN & WAGONER, LLP, Wilmington, North
Carolina, for Appellant.   Jennifer P. May-Parker, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johmar Monte Galloway appeals his sentence after pleading guilty to conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). Galloway's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in counsel's opinion, that there are no meritorious grounds for appeal, but raising the issue of whether the district court erred by denying Galloway federal benefits for five years pursuant to 21 U.S.C. § 862 (2006). Galloway was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is

2

procedurally reasonable, we then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

The district court determined that Galloway would be ineligible for federal benefits for five years under 21 U.S.C. § 862(b)(1)(B) (2006). On appeal, he argues that the penalties under the statute are inapplicable to him pursuant to 21 U.S.C. § 862(e) (2006) because he pled guilty. However, that provision applies to "Government witnesses" and includes "any individual who cooperates or testifies with the Government in the prosecution of a Federal or State offense or who is in a Government witness protection program." Id. We have reviewed the record and conclude that the district court did not err or abuse its discretion in denying Galloway these benefits.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a

3

petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED